Dear Mr. Menard:
You have requested an opinion of this office regarding the following questions:
 1. Is the Mosquito Abatement District No. 1 of Cameron Parish a political subdivision as defined under LRS 39:1302?
 2. If the answer to Question One is affirmative, how does that affect the District in terms of budgeting requirements?
 3. In Attorney General's Opinion No. 89-546, this office took the position that gravity drainage districts were "continued by La. Const. Art. 14, § 16(10) (1974), and were not recreated by the legislature pursuant to Art. VI, § 19 of the 1974 Constitution, as contemplated by R.S. 39:1302's concept of `political subdivision'." Would this conclusion also apply to the Mosquito Abatement District No. 1 of Cameron Parish?
 4. Does the Local Government Budget Act apply to Mosquito Abatement District No. 1 of Cameron parish?
In response to your first and second questions, the Mosquito Abatement District No. 1 of Cameron Parish is a political subdivision as defined by La.R.S. 39:1302.
Louisiana Revised Statute 39:1302, the definition section for the Louisiana Local Government Budget Act states:
For the purposes of this chapter:
(1) "Political subdivision" means any
 (i) Political subdivisions of the state not included within the state's Comprehensive Annual Financial Reports (CAFR).
The budgeting requirements of the District are specifically discussed in La.R.S. 39:1305, "Budget Preparation," and 39:1306, "Completion and submission of the proposed budget."
Your third question addresses the issue of Attorney General Opinion 89-546 in which this office stated that a gravity drainage district is not a "political subdivision" as defined by La.R.S. 39:1302 (1). When Opinion 89-546 was issued, La.R.S. 39:1302 consisted of a limited definition of "political subdivision" as discussed in that opinion. Subsequent to the release of that opinion, the legislature expanded the definition in Section 1302 to be more comprehensive and inclusive. Although Attorney General Opinion 89-546 was correct at the time it was released, based on the subsequent revisions to the Louisiana Local Government Budget Act which expanded the definition of "political subdivision," this office recalls Attorney General Opinion 89-546 to the extent it conflicts with current legislation.
The 1999 revisions to Section 1302 clarify the very confusion addressed in your request. The current application of paragraph (i) by the Office of the Legislative Auditor is a "safety net" to include all political subdivisions not included within the state's Comprehensive Annual Financial Reports (CAFR) or defined within other paragraphs of Section 1302. Unless specifically excluded by the legislature, all political subdivisions have budget requirements under either CAFR or the Louisiana Local Government Budget Act.
Finally, Louisiana Revised Statute 33:7721 states:
 The governing authority of any parish may by ordinance create mosquito abatement districts composed of any part or all of the territory lying wholly within the parish. Such districts shall be political and legal subdivisions of the state, with power to sue and be sued by their corporate names.
The above language states that mosquito abatement districts "shall be political and legal subdivisions of the state". Louisiana Revised Statute39:1302 (i) states that political subdivisions of the state not included within CAFR are political subdivisions for the purposes of the Louisiana Local Government Budget Act. The Cameron Parish Mosquito Abatement District No. 1 is not within the CAFR system; therefore, its budget requirements fall under the requirements of La.R.S. 39:1301 et seq.
In conclusion, it is the opinion of this office that the Local Government Budget Act does apply to the Mosquito Abatement District No. 1 of Cameron Parish.
If you need additional information, please do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ SUE McNABB Assistant Attorney General
RPI:SM/sfj
DATE RELEASED: August 21, 2002
*1 OPINION NUMBER 89-546
October 6, 1989
22-1 — DRAINAGE DRAINAGE DISTRICTS LSA-R.S. 39:1301 et seq.
Gravity drainage district is not subject to Louisiana Local Government Budget Act.
Mr. Robert E. Harroun, III General counsel Legislative Auditor P.O. Box 94397 Baton Rouge, LA 70804-9397
Dear Rob:
You have requested an opinion regarding whether a gravity drainage district is subject to the Louisiana Local Government Budget Act, LSA-R.S. 39:1301 et seq. In our opinion it is not, and we supercede Opinion of the Attorney General No. 85-342 to so find.
For the purpose of the Budget Act, a gravity drainage district is not a "political subdivision" as defined by LSA-R.S. 39:1302 (1). The Budget Act includes in its special statutory definition of "political subdivision" only special districts "created and pursuant to and under the authority of Section 19 of Article VI of the Louisiana Constitution of 1974."
La. Const. Art. VI, Sec. 19 specifically refers to the creation of special districts by the legislature. Since gravity drainage districts existed prior to 1974 (See 1921 Constitution, Art. XIV, Sec. 14 (d)), they were continued by La. Const. Art. 14, Sec. 16 (10) (1974), and were not recreated by the legislature pursuant to Art. VI, Sec. 19 of the Louisiana Constitution of 1974, as contemplated by R.S. 39:1302's concept of "political subdivision." (See Opinion of the Attorney General No. 80-1560.)
Because its constitutional genesis was not Art. VI, Sec. 19 of the 1974 Constitution, the gravity drainage district is not subject to the Local Government Budget Act.
Trusting this to be of sufficient information, I am
Sincerely,
 William J. Guste, Jr. Attorney General
 By: Charles J. Yeager Assistant Attorney General